UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE THOMAS SAWYERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-0428 |
| ) | (Crim. No. 3:01cr0170) |
| ) | Judge Campbell |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM

INTRODUCTION

The movant, Andre Thomas Sawyers, proceeding *pro se*, is a prisoner in the Federal Correctional Institution in Manchester, Kentucky. He brings this action to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Sawyers names the United States of America (hereinafter "the government") as the respondent.

BACKGROUND

The grand jury returned a three-count indictment against Sawyers on November 15, 2001: Count One – possession with the intent to distribute five (5) or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1); Count Two – possession of a semi-automatic pistol in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); Count Three – unlawful and knowing possession of a semi-automatic pistol having previously been convicted of a crime punishable by a term of imprisonment exceeding one (1) year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Case No. 3:01cr0170, Entry No. 1)[1] Sawyers was tried before a jury on January 7

---

[1] References to the movant's criminal case use the following convention: (Case No. 3:01cr0170, Docket Entry No. X, ¶ Y, p. Z), where "X" is the docket entry, and "Y" and "Z" are the paragraph and page numbers respectively. References to the instant action use the same convention, omitting the case number.

and 8, 2003 and found guilty on Counts One and Three, but not guilty on Count Two. (Case No. 3:01cr0170, Docket Entry No. 69, 76) Sawyers was sentenced as a career offender to two hundred sixty-two (262) months on Count One and one hundred twenty (120) months on Count Three, the sentences to be served concurrently. (Case No. 3:01cr0170, Docket Entry No. 76, p. 2)

Sawyers filed a notice of appeal on April 14, 2003. (Case No. 3:01cr0170, Docket Entry No. 78) The Sixth Circuit Court of Appeals affirmed the district court's judgment on November 3, 2004. (Case No. 3:01cr0170, Docket Entry No. 82) Thereafter, Sawyers filed a petition for a writ of *certiorari* on January 31, 2005, *see Sawyers v. United States of America*, No. 03-5554 (6th Cir.)(Docket Entry dtd. February 15, 2005), which petition was denied on March 7, 2005, *see Sawyers v. United States*, 125 S.Ct. 1620 (March 7, 2005).

Sawyers brought this action on May 21, 2005,[2] setting forth the following grounds for relief: 1) ineffective assistance of counsel for failing to "argue and raise"[3] the kind of drugs seized and the amount; 2) enhanced sentence in violation of both *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005). (Docket Entry No. 1, ¶¶ 12.A-B, p. 5) The government filed its response on August 15, 2005. (Docket Entry No. 8) Thereafter, on October 1, 2005, Sawyers filed a motion for leave to amend his motion. (Docket Entry No. 9) The government did not respond to Sawyers's motion to amend.

ANALYSIS

To prevail on a motion under § 2255, the record must reflect an error of constitutional magnitude that had a substantial injurious effect or influence on the proceedings. *Brecht v.*

---

[2] The envelope in which the movant mailed his motion to the district court is stamped as having been delivered to the prison mailroom on May 21, 2005. Under Rule 3(d), Rules – Section 2255 Proceedings, this is the date that the movant is deemed to have filed this action.

[3] The movant's unnecessary use of capitalization has been omitted throughout this Memorandum for ease of reading.

2

*Abrahamson*, 507 U.S. 619, 637-638 (1993). Pleadings filed by parties proceeding *pro se* are to be construed liberally by the courts. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Movant's Ineffective Assistance Claims

To prevail on a claim of ineffective assistance of counsel, an ineffective assistance claimant must show deficient performance and prejudice. *See Bell v. Cone*, 535 U.S. 685, 694-95 (2002). Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. *Strickland*, 466 U.S. at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "The determinative issue is not whether [the movant's] counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*), *cert. denied*, 508 U.S. 975 (1993)).

In his motion, Sawyers asserts that he received ineffective assistance of counsel because "counsel did not argue or raise drug amounts or issue of cocaine base." (Docket Entry No. 1, ¶ 12.A, p. 5) The government argues that "the jury was asked and did return a special verdict with regard to the type and amount" of the drugs involved. (Docket Entry No. 8, p. 2) The government argues further that defense counsel cross-examined both the "government's investigator" as well as the Tennessee Bureau of Investigation's (hereinafter "TBI") expert, regarding the kind of drugs seized and the amount. (Docket Entry No. 8, p. 2)

3

Evidence as to the kind of drugs seized and the amount was introduced through Sergeant Neil Cook, the Metropolitan-Nashville Police officer who led the search warrant team that seized the crack cocaine that led to Sawyers's criminal prosecution, and the expert testimony of Cassandra Ann Franklin, a forensic chemist with the TBI. (Case No. 3:01cr0170, Docket Entry No. 81, pp. 16, 21, 75-79) Sergeant Cook testified that he determined that the substance seized was crack cocaine using a "field test kit," and that he had determined that it weighed 12.5 grams with uncalibrated electronic scale used in field tests. (Case No. 3:01cr0170, Docket Entry No. 81, pp. 19, 48) Franklin testified that she used ultraviolet spectrophotometry and infrared and infrared spectrometry in determining that the substance was cocaine base, and "calibrated" scales in determining that the amount of substance seized actually was 9.9 grams. (Case No. 3:01cr0170, Docket Entry No. 81, p. 78)

The trial transcript shows that defense counsel cross-examined Sergeant Cook as to both the kind of drugs seized and the amount. (Case No. 3:01cr0170, Docket Entry No. 81, pp. 39, 41, 43-44, 53) The trial transcript also shows that defense counsel cross-examined Franklin about the quantity of the crack cocaine seized. (Case No. 3:01cr0170, Docket Entry No. 81, p. 79)

Because the grounds for Sawyers's allegation of ineffective assistance of counsel are not supported by the record, *i.e.*, that defense counsel did not "argue and raise" the kind of drugs seized and the amount, he fails to show that defense counsel provided ineffective assistance. Moreover, given the fact that Sawyers fails to support his claims with any factual allegations, the Court is unable to liberally construe any other basis for these claims. In fact, apart from asserting that defense counsel did not "argue and raise" the kind of drugs seized and the amount, all Sawyers says regarding this claim is, "See trial transcripts." (Docket Entry No. 1, ¶ 12.A, p. 5) The less stringent standard for *pro se* litigants does not compel the courts to conjure up unpled facts to support conclusory allegations such as this. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)(citing *Merritt*

4

*v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)).

As reasoned above, Sawyers's ineffective assistance claims based on the alleged failure to "argue and raise" the kind of drugs seized and the amount are without merit.

### Movant's Claims under *Blakely* and *Booker*

Sawyers claims that his sentence was enhanced as a career offender in violation of both *Blakely* and *Booker, supra* at p. 2. (Docket Entry No. 1, ¶ 12.B, p. 5) The government does not address Sawyers's claim under *Blakely*. As to his claim under *Booker*, the government argues that Sawyers's case was pending on direct review at the time *Booker* was decided on January 12, 2005, and that *Booker* does not apply retroactively to cases on collateral review. (Docket Entry No. 8, p. 3)

As to Sawyers's first claim, *Blakely* does not apply to prior convictions. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). Therefore, Sawyers's claim under *Blakely* is without merit.

Regarding Sawyers's *Booker* claim, the record shows that Sawyers's case was pending on direct review at the time *Booker* was decided, *i.e.*, his petition for a writ of *certiorari* was pending in the United States Supreme Court (hereinafter "the Supreme Court"). The government's apparently mistaken belief that, because Sawyers was sentenced prior to the decision in *Booker*, his case was on collateral review is not correct. On the contrary, because Sawyers's case was pending on direct review when *Booker* was decided, *Booker* is, in fact, applicable to Sawyers's case.

Notwithstanding the foregoing, the thrust of Sawyers's claim under *Booker* is that his sentence was improperly enhanced as a career offender. The record shows that Sawyers's sentence was enhanced because he was, in fact, a career offender, the proof of which was amply supported by the numerous prior convictions identified in the presentence report. (Docket Entry No. 79 (under

5

seal)) In *Booker*, the Supreme Court held that "[a]ny fact (***other than a prior conviction***) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, ___ U.S. ___, 125 S.Ct. at 756 (emphasis added). Because Sawyers's sentence was enhanced based on his extensive record of prior convictions, Sawyers is not entitled to relief under *Booker*. Accordingly, this claim is without merit as well.

Movant's Motion to Amend

Sawyers has moved to amend his motion to add an ineffective assistance claim, alleging that counsel on appeal did not seek to amend those proceedings to raise claims under *Blakely* and *Booker* after those cases were decided. (Docket Entry No. 9) As previously noted, the government has not responded to Sawyers's motion to amend.

Leave to amend "shall be freely given when justice so requires," Rule 15(a), Fed. R. Civ. P.; *Rose v. Hartford Underwriters Insurance Co.*, 203 F.3d 417, 420 (6th Cir. 2000), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility, *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001), *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (*citing Thiokol Corp. v. Dept.of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993).

Sawyers claims that he wrote a letter to appellate counsel requesting that his appeal be amended to reflect a claim under *Blakely*. (Docket Entry No. 9, p. 3) As previously noted, *supra* at p. 5, *Blakely* does not apply to prior convictions. Thus, even if Sawyers asked appellate counsel to raise a claim under *Blakely* as he claims, attorneys are not required to raise frivolous issues simply to avoid allegations of ineffective assistance of counsel. *Ludwig v. United States*, 162 F.3d 456, 459

6

(6th Cir. 1998). Because Sawyers cannot establish either part of the two-part *Strickland* test, permitting Sawyers to amend his petition to add this claim would be futile.

As to the second part, Sawyers does not assert that he asked appellate counsel to amend the ongoing appellate proceedings to raise a claim under *Booker*. Rather, he asserts only that "had counsel filed the Blakely claim there is a reasonable probability that [his] case would have been remanded so that he could be sentenced under the Blakely/Booker rule." (Docket Entry No. 9, p. 3) Absent any specific assertion that Sawyers asked appellate counsel to raise a claim under *Booker*, the Court liberally construes the motion to amend to assert that appellate counsel should have done so of his own volition.

Although it may have been an option for appellate counsel to have sought relief under *Booker*, as previously established, *supra* at p. 6, *Booker* does not apply to sentences that are enhanced based on evidence of prior convictions. Given that this is the only basis on which Sawyers invokes *Booker*, Sawyers cannot show that he was prejudiced because appellate counsel failed to do so. Because, Sawyers cannot establish that he was prejudiced by appellate counsel's failure to raise a claim under *Booker*, he cannot satisfy both parts of the two-part test under *Strickland*. Because Sawyers cannot establish that appellate counsel was ineffective for not raising a claim under *Booker*, to permit Sawyers to amend his petition to add this claim would be futile.

7

## CONCLUSION

For reasons explained herein, Sawyers's motion to amend will be denied as futile. Sawyers's motion to vacate, set aside, or correct his sentence will be denied because all of the claims in the original motion are without merit. Because Sawyers has failed to show that he is entitled to relief under § 2255, this action will be dismissed.

An appropriate Order will be entered.

Todd Campbell
United States District Judge